Cibrowski *v.* Rittenhouse Equities, Inc., Appellant.

Argued October 24, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*J. B. Colahan,* and with him *Townsend, Elliott & Munson,* for appellant.

*Marc Billett,* for appellee.

Per Curiam, December 16, 1933:

Assumpsit. Plaintiff alleges that the defendant corporation, the owner of the Rittenhouse Hotel, by written contract, engaged him to get lessees for apartments in said hotel and to secure parties to hold functions therein, he to receive for his services five per

cent of the amounts paid, and to have a drawing account of $100 per month to be deducted from his commissions. He further states that on December 1, 1931, there was a balance due the defendant of $28.46 by reason of the fact that plaintiff had received more than he had earned. He attaches a statement setting out the functions procured and the names of the tenants he had obtained and the amounts of money received, the items of the statement covering from June 12, 1931, to December 7, 1932, and showing commissions earned, $725, and deducts therefrom the overdraft above mentioned, making the net amount $696.75. The defendant admits the existence of the contract, but questions the correctness of the plaintiff's conclusion, and sets out a statement giving the same items as contained in plaintiff's exhibit; but instead of giving credit to the plaintiff for the periods of occupancy, allows commissions only for the duration of the original leases. The written contract is silent in this regard. The defendant's figures show that instead of it owing the plaintiff the latter owes it $196.25, for which sum it asks judgment. These contrasting statements show the question which must be decided at the trial. The issue is clearly joined. Is the plaintiff entitled to commissions for the entire period the various tenants occupied the apartments, or can he only claim for the duration of the original lease?

We all are of the opinion that this is not a matter for judgment on the pleadings, but that the defendant has sufficiently answered the plaintiff's demand. In justice to the lower court it is but fair to state that the judgment was entered by it on the mistaken idea that the parties had amicably arranged for its entry. When the mistake was discovered, the court tried to correct it but the power to do so had passed by reason of the appeal having been taken to this court.

The judgment is reversed with a procedendo.